UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BAY STATE PRECAST, LLC,
14750 Gibbons Church Road
Brandywine, MD 20613,

      Plaintiff,

v.

ROYAL TRACTOR COMPANY, INC.,
serve:
Thomas J. Hardwick
15430 S. Keeler
Olathe, Kansas 66062,

      Defendant.

Civil Action No.:

## COMPLAINT

For its Complaint against Defendant Royal Tractor Company, Inc., Plaintiff Bay State Precast, LLC, by its undersigned attorneys, upon knowledge as to its own actions and dealings and upon information and belief as to Defendant and its actions, alleges as follows:

### Parties

1. Plaintiff Bay State Precast, LLC (hereinafter "Bay State Precast") is an Indiana limited liability company, and is registered to do business in the State of Maryland. Bay State Precast is a manufacturer of precast concrete tunnel liner segments. Bay State Precast's precasting operation is at a plant located at 14750 Gibbons Church Road, Brandywine, Maryland 20613.

2. Defendant Royal Tractor Company, Inc. ("Royal") is a Missouri corporation with its principal place of business at 109 Overlook Park Place, New

Century, Kansas 66031. Defendant markets itself on its website as a "manufacturer of mobile equipment for industrial materials handling."

## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this action occurred in the District of Maryland.

## Statement of Facts

5. In connection with work on a certain project it was obligated to perform (the "Project"), Bay State Precast decided to invest in a purchased forklift, and ultimately decided to purchase a forklift from Royal.

6. Bay State Precast and Royal entered a Purchase Order agreement dated September 5, 2012 (the "Contract"), pursuant to which Bay State Precast purchased and Royal promised to deliver a Royal Rig-N-Lift Model 40/60B (the "Equipment"). The total cost of the Equipment set forth in the Contract is $241,632. Attached hereto as Exhibit 1 is a true and correct copy of the Contract.

7. In connection with the Contract, Bay State Precast paid to Royal a deposit in the amount of $72,488 (the "Deposit").

8. The Contract states that "Estimated Delivery is 240 days." Accordingly, the estimated delivery date of the Equipment was May 3, 2013.

9. The Contract Terms and Conditions state that "Deliveries shall be made at the time and in the manner specified.  Time is of the essence."  Contract, Terms and Conditions ¶ 7.

10. In order to perform work on the Project before the anticipated May 3, 2013 estimated delivery, Bay State Precast rented a comparable forklift at the rate of $6,500 per month.  Bay State Precast intended to return the rental equipment once the Equipment was delivered on May 3, 2013.

11. After the Contract was entered, Royal first represented to Bay State Precast that the probable delivery date of the Equipment would be March 22, 2013 (198 days after the Contract was entered).  The Equipment was not delivered on March 22, 2013.

12. Upon inquiry by Bay State Precast, Royal represented to Bay State Precast that the probable delivery date of the Equipment would be mid-April, 2013 (approximately 222 days after the Contract was entered).  The Equipment was not delivered in mid-April, 2013.

13. Upon further inquiry by Bay State Precast, Royal represented to Bay State Precast that the probable delivery date of the Equipment would be June 10, 2013 (278 days after the Contract was entered, and 38 days later than the 240 day delivery date stated in the Contract).  The Equipment was not delivered on June 10, 2013.

14. Upon further inquiry by Bay State Precast, Royal represented to Bay State Precast that the probable delivery date of the Equipment would be mid-October, 2013 (approximately 405 days after the Contract was entered, and 165 days later than the 240

day delivery date stated in the Contract).  The Equipment was not delivered in mid-October, 2013.

15. Most recently, Royal represented to Bay State Precast that the probable delivery date of the Equipment would be November 22, 2013 (443 days after the Contract was entered, and 203 days later than the 240 day delivery date stated in the Contract).

16. In order to continue work on the Project despite that the Equipment was not delivered, Bay State Precast continued to rent the comparable forklift at the rate of $6,500 per month.

17. Given the continual delays and lack of reasonable assurances that the Equipment would ever be delivered, Bay State Precast contacted Royal on August 29, 2013, to terminate the Contract and demanded a return of the $72,488 Deposit.

18. Bay State Precast reiterated its termination of the Contract and demand for return of the Deposit on multiple occasions, including but not limited to emails to Royal dated September 6, September 10, September 12, September 27, October 1, and October 7, 2013.

19. To date, Royal has refused to return the Deposit to Bay State Precast.

20. Further, because of the continual delays and lack of reasonable assurances that the Equipment would ever be delivered, and because no other comparable equipment was available for purchase from Royal or any other equipment manufacturer or equipment supplier, Bay State Precast decided to purchase a full size tractor from a different manufacturer (the "Replacement Equipment").

21. The purchase price of the Replacement Equipment was $237,000.

22. Because it is more cumbersome than the Equipment, the purchase of the Replacement Equipment resulted in approximately $21,000 of necessary modifications to Bay State Precast's plant systems. Such modifications would not have been necessary with the purchase of the Equipment.

23. Accordingly, the total cost to Bay State Precast associated with the purchase of the Replacement Equipment is $258,000, which is $16,368 more than the $241,362 purchase price of the Equipment.

24. Bay State Precast will return the rental forklift at the end of October 2013. But for Royal's unreasonable and continued delay in delivering the Equipment, Bay State Precast would not have otherwise expended the additional $39,000 on the rental forklift from May through October 2013.

25. The Contract Terms and Conditions state that:

> [Royal] shall protect, defend, save harmless and indemnify [Bay State Precast] for all loss, cost, *delay*, liability, damage, liquidated or otherwise, and expense which [Bay State Precast] may sustain, have assessed or incur in consequence of anything done or omitted, or claimed to have done or omitted herein by [Royal] or anyone acting for [Royal], including but not limited to any claim of . . . (c) damage by reason of the failure of [Royal] to perform *promptly* and satisfactorily its obligations herein.

Contract, Terms and Conditions ¶ 4 (emphasis added).

26. The Contract Terms and Conditions further state that "[Royal] will reimburse [Bay State Precast] for any legal or other expenses incurred while enforcing its rights under this order." Contract, Terms and Conditions ¶ 6.

## COUNT I
### (Breach of Contract)

27. Bay State Precast incorporates by reference and realleges the foregoing factual allegations in paragraphs 1 through 26 as if fully set forth herein.

28. The Contract states that "Estimated Delivery is 240 days." Accordingly, the estimated delivery date of the Equipment was May 3, 2013.

29. The Contract Terms and Conditions state that "Deliveries shall be made at the time and in the manner specified. Time is of the essence." Contract, Terms and Conditions ¶ 7.

30. The most recent representation by Royal to Bay State Precast as to the probable delivery date of the Equipment was November 22, 2013 (443 days after the Contract was entered, and 203 days later than the 240 day delivery date stated in the Contract).

31. Royal's failure to deliver the Equipment to Bay State Precast by May 3, 2013, or within a reasonable time thereafter, constitutes a material breach of the Contract.

32. Despite Bay State Precast's repeated demands, Royal has refused to return the $72,488 Deposit to Bay State Precast.

33. But for Royal's unreasonable and continued delay in delivering the Equipment, Bay State Precast would not have otherwise expended $39,000 on the rental forklift.

34. But for Royal's unreasonable and continued delay in delivering the Equipment, Bay State Precast would not have otherwise purchased the more cumbersome Replacement Equipment for $237,000 and expended $21,000 on necessary plant modifications.

35.     The total cost to Bay State Precast associated with the purchase of the Replacement Equipment is $258,000, which is $16,368 more than the $241,362 purchase price of the Equipment.

### COUNT II
### (Unjust Enrichment)

36.     Bay State Precast incorporates by reference and realleges the foregoing factual allegations in paragraphs 1 through 26 as if fully set forth herein.

37.     In connection with its purchase of the Equipment, Bay State Precast paid Royal a Deposit in the amount of $72,488.

38.     Royal never delivered the Equipment to Bay State Precast within the time period it promised or within a reasonable time thereafter.  To this day, Royal has not delivered the Equipment to Bay State Precast.

39.     Bay State Precast's Deposit conferred a benefit upon Royal in the amount of $72,488.

40.     Royal was aware of, and had knowledge of, such benefit conferred upon it by Bay State Precast.

41.     Royal's acceptance and retention of the Bay State Precast's Deposit when it never delivered the Equipment to Bay State Precast make it inequitable for Royal to retain the Deposit and not return it to Bay State Precast.

**WHEREFORE**, Bay State Precast demands judgment against Royal as follows:

1.      Judgment in the amount of $127,856, representing the amount of the unreturned Deposit ($72,488) plus $39,000 in equipment rental fees, and $16,368 in additional costs to purchase alternative equipment;

2.      Interest;

3;  Attorneys' fees; and

4.  Such other and further relief as the Court may deem just and proper.

Dated: November 12, 2013　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　___/s/_____
　　　　　　　　　　　　　　　　　　　　Leslie G. Moylan
　　　　　　　　　　　　　　　　　　　　DAVIS WRIGHT TREMAINE LLP
　　　　　　　　　　　　　　　　　　　　1919 Pennsylvania Ave. NW, Suite 800
　　　　　　　　　　　　　　　　　　　　Washington D.C. 20006
　　　　　　　　　　　　　　　　　　　　202-973-4200
　　　　　　　　　　　　　　　　　　　　202-973-4499
　　　　　　　　　　　　　　　　　　　　lesliemoylan@dwt.com